UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL COOKS,<br><br>           Petitioner,<br><br>    v.<br><br>JEFFREY A. BEARD, Secretary of CDCR,<br><br>           Respondent. | NO. CV 13-811-AGR<br><br><br>OPINION AND ORDER |

## I.

## **PROCEDURAL HISTORY**

Petitioner was convicted by a jury of second degree robbery.  Petitioner admitted a prior strike conviction and a prior prison term.  Petitioner was sentenced to 10 years in state prison.  On March 29, 2012, the California Court of Appeal affirmed the judgment.  (Lodged Document (LD) 4.)

On June 12, 2012, the Los Angeles County Superior Court denied a state habeas petition.  (LD 6.)  On August 16, 2012, the California Court of Appeal denied a state habeas petition.  (LD 8.)  On December 12, 2012, the California

Supreme Court denied a state habeas petition. (LD 10.) On November 13, 2013, the California Supreme Court denied a second state habeas petition. (LD 12.)

On December 5, 2013, Petitioner filed in this court a First Amended Petition for Writ of Habeas Corpus ("FAP"), in which he raised six grounds for relief: (1) a *Batson* claim;[1] (2) a *Brady* claim;[2] (3) improper use of his prior conviction; (4) lack of jurisdiction in the trial court; (5) errors in the abstract of judgment; and (6) sentencing error. (FAP at 5-9.).

Respondent filed a motion to dismiss the FAP on the ground that the entire petition is unexhausted. Petitioner filed an opposition.

Petitioner filed two habeas petitions before the California Supreme Court. (LD 9; LD 11.) The first habeas petition contained a claim for relief that is now Ground Six of the FAP. The California Supreme Court denied relief with a citation to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965). (LD 10.)

In his second habeas petition filed with the California Supreme Court, Petitioner presented five claims for relief that correspond to Grounds One through Five of the FAP. (LD 11.) The California Supreme Court denied the second habeas petition with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), *In re Clark*, 5 Cal. 4th 750, 767-69 (1993), and *In re Swain*, 34 Cal. 2d 300, 304 (1949). (LD 12.)

## II.

## **EXHAUSTION**

Federal habeas relief is not available unless the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A).

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

A petitioner must "fairly present" his federal claim to the state's highest court.[3]  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court.  *See Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).  A petitioner raises a federal issue by, for example, "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Baldwin*, 541 U.S. at 32.

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin*, 541 U.S. at 31.

A wholly unexhausted petition must be dismissed.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must be dismissed without prejudice).

This court must "independently . . . examine" the petitioner's state habeas petitions to determine whether the claims were fairly presented to the California Supreme Court.  *See Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986).

**A.    GROUND ONE:  *Batson* Claim**

In Ground One of his second state habeas petition before the California Supreme Court, Petitioner alleged that "[t]he peremptory challenge use[d] to remove prospective juror solely on basis on membership in a cognizable racial

---

[3] Petitioner does not contend that no state remedy was available to him.

group violates both state and federal constitution under the 6th and 14th . . . ." (LD 11 at 3.) Petitioner provided no additional facts.

"Exhaustion requires a statement of the 'operative facts' that support the federal legal theory giving rise to the claim." *Gentry v. Sinclair*, 705 F.3d 884, 901 (9th Cir.), *cert. denied*, 134 S. Ct. 102 (2013). Although Petitioner need not present every piece of evidence supporting his claim, Petitioner must state "'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation omitted). Petitioner did not identify any prospective juror who was improperly excused, did not identify the race of any such juror, and did not explain any factual basis for an allegation that the prosecutor improperly excused the juror because of his or her race. *See Batson*, 476 U.S. at 96. "Without any factual basis to analyze a claim, the [state court] was not provided an opportunity pass on the . . . claim." *Gentry*, 705 F.3d at 901. General statements of broad constitutional principles are insufficient. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2004).

Accordingly, Ground One is unexhausted.

**B.    Ground Two: *Brady* Claim**

In Ground Two of his second state habeas petition before the California Supreme Court, Petitioner stated: "The inducement not a part of the records violates due process and equal protection of the law "judicial notice." (LD 11 at 4.) Petitioner alleged that "[t]he prosecutor is required to disclose all material evidence favorable to the accused in violation of Brady under the 14th amendment rights. The exclusion of evidence that tends to reflect the innocen[ce] of the accused violates due process and a fair trial under the 6th amendment." (LD 11 at 4.)

Petitioner provided no facts in support of his claim. Petitioner did not identify any evidence that was withheld, did not explain the exculpatory or

1 impeaching value of that evidence, and did not identify any prejudice. See
2 *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286
3 (1999). Without any factual basis for the claim, the California Supreme Court
4 was not provided an opportunity to pass on Petitioner's claim. *Gentry*, 705 F.3d
5 at 901.

Accordingly, Ground Two is unexhausted.

### C. Ground Three: Prior Conviction

In Ground Three of his second state habeas petition before the California Supreme Court, Petitioner stated that "[t]o impeach the accused based on prior without the open testimony of the accused violate[s] the 6th and 14th amendment." (LD 11 at 5.) Petitioner's statement of facts was unintelligible. He alleged that "robbery or theft 42 A.L.R.3d 1381 in rist defendant on trial for robbery was impeached by a recant prior robbery conviction dismissal of the felony conviction it could not have been used in this case because defendant did not testify which was in fact prejudicial to defendant." (*Id.*)

Petitioner's statement did not provide operative facts that support a federal legal theory. *Gentry*, 705 F.3d at 901. Ground Three is unexhausted.

### D. Ground Four: Trial Court's Jurisdiction

In Ground Four of his second state habeas petition before the California Supreme Court, Petitioner stated that he was not legally committed pursuant to Cal. Penal Code § 995 and, therefore, the trial court lacked jurisdiction to try the case. (LD 11 at 6.)

Petitioner provided no facts to support an allegation that he was not legally committed. Without any factual basis, the California Supreme Court was not provided an opportunity to pass on Petitioner's claim. *Gentry*, 705 F.3d at 901. Ground Four is unexhausted.

### E. Ground Five: Abstract of Judgment

In Ground Five of his second state habeas petition before the California

Supreme Court, Petitioner appears to state that there is a sentencing error in the abstract of judgment. (LD 11 at 7.) Petitioner complains that the abstract of judgment reflects a five-year enhancement even though "all priors were stricken."[4] (*Id.*) In his motion to supplement the petition, Petitioner argued that the five-year enhancement was stayed and alleged other errors under state law. (LD 11A.)[5]

Petitioner did not alert the California Supreme Court to the federal nature of his claim. A petitioner raises a federal issue by, for example, "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. Petitioner's only reference to federal law his consent to a magistrate judge. (LD 11 at 7.) That is insufficient to alert the California Supreme Court to the federal nature of his claim based on the abstract of judgment. Ground Five is unexhausted.

F.   Ground Six: **Sentencing Error**

In Petitioner's first state habeas petition before the California Supreme Court, Petitioner contended that the trial court erred in selecting the high term of five years for second degree robbery. (LD 9 at 3.) Petitioner cited only California law and a Special Directive Memorandum from the Los Angeles District Attorney's Office dated March 29, 2001 regarding Clarification of Three Strikes Policy. (*Id.* at 3, 5-9.) Petitioner did not alert the California Supreme Court to the federal nature of his claim. Petitioner did not label the claim federal and did not cite the United States Constitution or any federal law. *See Baldwin*, 541 U.S. at 32.

The California Supreme Court's denial with a citation to *Waltreus* indicates that a state habeas petition cannot serve as a second appeal. *See Ylst v.*

---

[4] Petitioner is incorrect. According to the California Court of Appeal's opinion, Petitioner's sentence was doubled due to a prior strike. (LD 4 at 2.)

[5] Respondent labeled two documents as LD 11. The first is the petition filed before the California Supreme Court, and the second is Petitioner's motion to supplement the petition. This court refers to the latter as LD 11A.

1 | *Nunnemaker*, 501 U.S. 797, 805, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991); *Ortiz v. Uribe*, 671 F.3d 863, 867-68 (9th Cir. 2011).  The California Court of Appeal addressed this claim on direct appeal.  (LD 4 at 7.)  Petitioner did not file a petition for review of that decision to the California Supreme Court.  Therefore, Petitioner would be unable to present Ground Six to the state court.

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."  *Coleman*, 501 U.S. at 732.  Such claims may be procedurally defaulted, an issue that Respondent has not raised in his motion.  *Cooper v. Neven*, 641 F.3d 322, 328 (9th Cir. 2011).

### III.

### PETITIONER'S OPTIONS

For the reasons discussed above, Petitioner has filed a mixed petition that contains one exhausted claim (Ground Six) and five unexhausted claims (Grounds One through Five).  With respect to Grounds One through Five, the California Supreme Court's denials with citations to *Swain*, *Duvall* or *Clark*, 5 Cal. 4th at 767-69, may mean that the deficiencies can be cured by alleging the operative facts with sufficient particularity.  *See Villalobos*, 799 F.2d at 1319 (citation to *Swain* is a curable deficiency).  Petitioner may also alert the California Supreme Court to the federal nature of his sentencing claim in Ground Five.

Generally, mixed petitions must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 518-20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  However, a stay of a federal habeas petition may be available in limited circumstances so that a petitioner may exhaust claims in state court.  *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  To obtain a stay, a petitioner must show good cause for his failure to exhaust claims in the California Supreme Court.  *Rhines*, 544 U.S. at 277.

Petitioner must also show that his unexhausted claims are "potentially meritorious" and that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

In these circumstances, Petitioner has three options:

**Option 1:**  On or before January 27, 2015, Petitioner may file a motion for a stay of his federal habeas petition that identifies the claims he intends to exhaust in the state supreme court, explains why there is good cause for his failure to exhaust those claims previously and explains why his claims are potentially meritorious.  Petitioner should commence exhaustion proceedings promptly. Should Petitioner choose Option 1 and the court denies his motion for a stay, Petitioner will be given an opportunity to choose Options 2 or 3.

**Option 2:**  Petitioner may voluntarily drop the unexhausted grounds and proceed only on his exhausted claim.  Petitioner is cautioned that if the court ultimately dismisses with prejudice the petition based only on exhausted claims, and Petitioner later attempts to file a federal habeas petition based on other grounds after they are exhausted, that subsequent habeas petition may be barred as a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 153-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition when the petitioner did not first obtain authorization to file it from the Court of Appeals. *Burton*, 549 U.S. at 157.

Should Petitioner choose Option 2, he must, on or before January 27, 2015, file and serve a document entitled Notice of Voluntary Dismissal of Unexhausted Claims in which states he is voluntarily dismissing the Unexhausted Grounds without prejudice.

    **Option 3:** Petitioner may voluntarily request that the petition be dismissed without prejudice on the basis that it is mixed, and return to state court to exhaust his claims. Once the claims have been exhausted, Petitioner would have to file a new federal habeas petition that is fully exhausted. ***However, Petitioner is cautioned that any new federal habeas petition will be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).*** The court expresses no opinion as to whether any subsequent federal habeas petition would be untimely. If Petitioner nevertheless chooses Option Three, he must, on or before January 27, 2015, file and serve a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

    Nothing in this order prevents Petitioner from filing habeas petitions in state court at any time.

DATED: January 6, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge