UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERRELL COOKS,

      Petitioner,

          v.

JEFFREY A. BEARD, Secretary of CDCR,

      Respondent.

_____

TERREL COOKS,

      Petitioner,

          v.

J. SOTO, Warden,

      Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. CV 13-811-AGR
NO. CV 15-5419-AGR
CONSOLIDATED ACTIONS

**OPINION AND ORDER ON
RESPONDENT'S MOTION TO
DISMISS SECOND AMENDED
PETITION FOR WRIT OF
HABEAS CORPUS**

**I.**

**PROCEDURAL HISTORY**

      Petitioner was convicted by a jury of second degree robbery.  Petitioner admitted a prior strike conviction and a prior prison term.  Petitioner was sentenced to 10 years in state prison.  On March 29, 2012, the California Court of

1  Appeal affirmed the judgment.  (Lodged Document (LD) 4.)  Petitioner did not file
2  a petition for review in the California Supreme Court.

3      On June 4, 2012, Petitioner constructively filed a petition for writ of habeas
4  in the Los Angeles County Superior Court, which denied it on June 12, 2012.  (LD
5  5-6.)  On July 12, Petitioner constructively filed a habeas petition before the
6  California Court of Appeal, which denied it on August 16, 2012.  (LD 7-8.)  On
7  August 29, 2012, Petitioner constructively filed a habeas petition before the
8  California Supreme Court, which denied it on December 12, 2012, with a citation
9  to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965).  (LD 9-10.)

10      On January 10, 2013, Petitioner constructively filed the original petition for
11  writ of habeas corpus in this court.  Respondent filed a motion to dismiss the
12  petition on the ground that it was wholly unexhausted.

13      On August 6, 2013, Petitioner constructively filed a second habeas petition
14  in the California Supreme Court.  (LD 11.)  On November 13, 2013, the California
15  Supreme Court denied the petition with citations to *People v. Duvall*, 9 Cal. 4th
16  464, 474 (1995), *In re Clark*, 5 Cal. 4th 750, 767-69 (1993), and *In re Swain*, 34
17  Cal. 2d 300, 304 (1949).  (LD 12.)

18      On December 5, 2013, Petitioner filed in this court a First Amended Petition
19  for Writ of Habeas Corpus ("FAP").  *Cooks v. Beard*, CV 13-811 AGR ("*Cooks I*").
20  The FAP in *Cooks I* raised six grounds for relief: (1) a *Batson* claim;[1] (2) a *Brady*
21  claim;[2] (3) improper use of his prior  conviction; (4) lack of jurisdiction in the trial
22  court; (5) errors in the abstract of judgment; and (6) sentencing error in selecting
23  the high term rather than the mid term for robbery.  (FAP at 5-9.).  Respondent
24  again filed a motion to dismiss the FAP on the ground that the entire petition was
25  unexhausted.  Petitioner filed an opposition.

26  _____
27      [1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
28      [2] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

1    On January 6, 2015, the court found that the FAP was a mixed petition that
2   contained one exhausted claim (Ground Six) and five unexhausted claims
3   (Grounds One through Five).  The court gave Petitioner three options:  (1) file a
4   motion to stay proceedings pending exhaustion in state court; (2) voluntarily
5   dismiss the unexhausted claims and proceed on the exhausted claim; or (3)
6   request dismissal of the petition, exhaust his claims in state court and file a new
7   habeas petition that was fully exhausted.  As to the third option, the court
8   cautioned, in bold print, that any new habeas petition would be subject to the one-
9   year statute of limitations and expressed no opinion as to whether any new
10   habeas petition would be timely.  (Dkt. No. 42.)

11    On March 9, 2015, Petitioner filed a notice of voluntary dismissal of the
12   FAP.  (Dkt. No. 45.)  The court dismissed the FAP without prejudice on March 11,
13   2015.  (Dkt. No. 46.)

14    On April 6, 2015, Petitioner filed a third habeas petition before the
15   California Supreme Court.  (LD 13.)  On June 10, 2015, the California Supreme
16   Court denied the petition with citations to *In re Robbins*, 18 Cal. 4th 770, 780
17   (1998), and *In re Clark*, 5 Cal. 4th at 767-69.  (LD 14.)

18    On June 30, 2015, Petitioner constructively filed a habeas petition in a
19   separate action, *Cooks v. Soto*, CV 15-5419 JGB (AGR) ("*Cooks II*").  This court
20   issued an order to show cause why it should not recommend that the petition be
21   dismissed as untimely.  In response, Petitioner filed a motion to stay in *Cooks II*.
22   Based on the substance of that motion, it was evident to the court that Petitioner
23   intended to file the motion in *Cooks I*.  The motion for stay expressly cited the
24   court's opinion and order on January 6, 2015, which was issued in *Cooks I* and
25   not *Cooks II*.  Moreover, the motion for stay argued that Petitioner should have
26   filed a motion to stay in *Cooks I* in order to exhaust his claims rather than file a
27   dismissal.  The court construed Petitioner's motion for stay as a motion for relief
28   from judgment under Fed. R. Civ. P. 60(b)(1) and (6) in *Cooks I*, and ordered

1  briefing.

2      On January 19, 2016, the court granted Petitioner's motion, vacated the

3  prior dismissal of this case and deemed the *Cooks II* petition as the Second

4  Amended Petition ("SAP") in *Cooks I*.  The court ordered a response to the SAP.

5  (Dkt. No. 54.)

6      On March 17, 2016, Respondent filed a motion to dismiss the SAP as

7  untimely.  Petitioner filed an opposition.  ("Opp.")

8      On July 25, 2016, *Cooks I* and *Cooks II* were consolidated.  As discussed

9  above, the petition in *Cooks II* is the same as the SAP in *Cooks I*.  For ease of

10  reference, this orders refers to the SAP except when indicated otherwise.  The

11  parties consented to have a magistrate judge conduct all further proceedings in

12  both actions.

13                              **II.**

14                    **STATUTE OF LIMITATIONS**

15      These actions were filed after enactment of the Antiterrorism and Effective

16  Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA.

17  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

18      The AEDPA contains a one-year statute of limitations for a petition for writ

19  of habeas corpus filed in federal court by a person in custody pursuant to a

20  judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

21  running on the latest of either the date when a conviction becomes final under 28

22  U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

23      The statute of limitations applies to each ground for relief on an individual

24  basis.  *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

25      The SAP contains two grounds for relief.  The SAP does not repeat

26  grounds asserted in the original Petition or the First Amended Petition.  *Sechrest*

27  *v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008).  Moreover, Petitioner does not

28  indicate any intention to pursue the grounds asserted in the prior petitions he filed

4

1  in *Cooks I*.  Therefore, the court addresses only the grounds in the SAP.

2  **A.  Relation Back**

3  "A claim added to a timely filed habeas petition after the expiration of the

4  statute of limitations is timely only if the new claim relates back to a properly filed

5  claim contained in the original petition."  *Nguyen v. Curry*, 736 F.3d 1287, 1296

6  (9th Cir. 2013).  A new claim relates back if it arises out of a "common 'core of

7  operative facts' uniting the original and newly asserted claims.'"  *Mayle v. Felix*,

8  545 U.S. 644, 659 (2005) (citation omitted).  An amendment does not relate back

9  "when it asserts a new ground for relief supported by facts that differ in both time

10  and type from those the original pleading sets forth."  *Id.* at 650.  The "time and

11  type" language "refers not to the claims, or grounds for relief.  Rather, it refers to

12  the facts that support those grounds."  *Nguyen*, 736 F.3d at 1297 (italics omitted);

13  *King v. Ryan*, 564 F.3d 1133, 1140-42 (9th Cir. 2009).

14  In Ground One, Petitioner contends that the trial court failed to obtain in a

15  proper manner Petitioner's waiver before accepting Petitioner's admission of the

16  prior strike.  In Ground Two, Petitioner argues his trial counsel was ineffective for

17  advising him to admit the prior conviction for bank robbery and his appellate

18  counsel was ineffective for failing to raise this issue on direct appeal.

19  Petitioner did not raise these two claims in either the original Petition

20  constructively filed on January 10, 2013, or the FAP constructively filed on

21  November 20, 2013 in *Cooks I*.  In both petitions, Ground Three stated:  "to

22  impeach the accused based on priors without the open testimony of the accused

23  violates the 6th & 14th amendment."  (Dkt. No. 1 at 6; Dkt. No. 30 at 6.)

24  Petitioner contended that his prior robbery conviction "could not have been used

25  in this case because defendant did not testify which was in fact prejudicial to

26  defendant."  (*Id.*)  In Ground Five of those petitions, Petitioner argued that the trial

27  court erred in sentencing because "all priors were stri[c]ken."  (*Id.*)  In Ground Six

28  of the FAP, Petitioner argued the trial court erred in choosing the high term

5

1    instead of the mid term.  (Dkt. No. 30 at 7.)

2          Grounds One and Two in the SAP do not share any operative facts with the

3    grounds contained in the original Petition and FAP.  Grounds One and Two in the

4    SAP turn on the circumstances under which Petitioner waived his right to trial on

5    the priors and admitted his priors, and counsel's advice to admit the priors rather

6    than go to trial.  By contrast, in both the original Petition and FAP, Ground Three

7    focused on Petitioner's argument that a prior conviction cannot be used when the

8    defendant does not testify, and  Ground Five turned on whether the trial court

9    struck all prior convictions.  Ground Six of the FAP turned on the reasons why the

10   trial court chose the high term rather than the mid term.  *See Schneider v.*

11   *McDaniel*, 676 F.3d 1144, 1150-52 (9th Cir. 2012).  Although all of these grounds

12   can be said to relate to Petitioner's prior conviction, *Mayle* forecloses the

13   argument that new claims relate back simply because they relate generally to a

14   petitioner's sentence.  *E.g.*, *Gibson v. Artus*, 407 Fed. Appx. 517, 519 (9th Cir.

15   2010) (unpub.) (new claims do not relate back even though each involves grand

16   jury stage of proceedings).

17          **B.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

18          Given that the SAP does not relate back to the earlier petitions, the SAP is

19   untimely.  The California Court of Appeal affirmed Petitioner's conviction on

20   March 29, 2012.  (LD 4.)  Because Petitioner did not file a petition for review with

21   the California Supreme Court, his conviction became final 40 days later on May 8,

22   2012.  *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).   Absent

23   tolling, the statute of limitations expired one year later on May 8, 2013.

24          **1.    Statutory Tolling**

25          The statute of limitations is tolled during the time "a properly filed

26   application for State post-conviction or other collateral review with respect to the

27   pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

28          There is no statutory tolling from the time Petitioner's conviction became

6

1   final (May 8, 2012) and the constructive filing of the first state habeas petition on

2   June 4, 2012. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

3         Petitioner is entitled to statutory tolling for the period from the constructive

4   filing of his first state habeas petition on June 4, 2012 through December 12,

5   2012, the date on which the California Supreme Court denied Petitioner's first

6   state habeas petition before it.  Absent additional tolling, the limitations period

7   expired on November 18, 2013.[3]

8         Petitioner apparently mailed a motion to supplement his habeas petition to

9   the California Supreme Court on January 2, 2013.  On January 18, 2013, the

10   Clerk of the California Supreme Court returned the documents unfiled and stated

11   that the Court's order "was final forthwith and may not be reconsidered."  (*See*

12   documents attached to Dkt. No. 8.)   Petitioner is not entitled to statutory tolling

13   for this period because the motion to supplement was not "properly filed."  28

14   U.S.C. § 2244(d)(2).

15         On August 6, 2013, Petitioner constructively filed a second habeas petition

16   in the California Supreme Court, which was denied by the California Supreme

17   Court with citations on November 13, 2013.  (LD 11-12.)  Assuming without

18   deciding that Petitioner is entitled to statutory tolling during this period, the

19   limitations period expired on February 25, 2014.

20         Petitioner is not entitled to gap tolling between denial of his first habeas

21   petition before the California Supreme Court and the constructive filing of the

22   second habeas petition before that same court.  The Ninth Circuit employs a two-

23   part test for gap tolling:  "'First, we ask whether the petitioner's subsequent

24   petitions are limited to an elaboration of the facts relating to the claims in the first

25   petition.  If not, these petitions constitute a "new round" and the gap between the

26   rounds is not tolled.  But if the petitioner simply attempted to correct the

27

28         [3]  The date on which the limitations period expired fell on a Saturday, November 16, 2013.  Therefore, the period is extended to the next Monday.

1    deficiencies, then the petitioner is still making proper use of state court

2    procedures, and his application is still 'pending' for tolling purposes. . . .  We then

3    ask whether they were ultimately denied on the merits or deemed untimely.  In

4    the former event, the time gap between the petitions is tolled; in the latter event it

5    is not.'" *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (citation omitted).

6    Petitioner's first habeas petition contained only one claim that became Ground

7    Six of the FAP in *Cooks I*.  (LD 9.)  The California Supreme Court denied relief

8    with a citation to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965).  (LD 10.)  Petitioner's

9    second habeas petition in the same court presented five new claims for relief that

10   correspond to Grounds One through Five of the FAP.  (LD 11.)  Because the

11   second petition was not limited to an elaboration of the facts relating to the claims

12   in the first petition, Petitioner is not entitled to gap tolling.  *Stancle*, 692 F.3d at

13   955-56.

14       Petitioner is not entitled to statutory tolling for his most recent habeas

15   petition filed on April 6, 2015 before the California Supreme Court.  A petition filed

16   after expiration of the statute of limitations does not revive the limitations period.

17   *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Moreover, the

18   California Supreme Court denied the petition with a citation to *Robbins*, which

19   indicates the state habeas petition was untimely.  *Thorson*, 479 F.3d at 645-46.

20   An untimely state habeas petition does not entitle a petitioner to statutory tolling.

21   *Allen v. Siebert*, 552 U.S. 3, 7 (2007).

22       The filing of a petition for writ of habeas corpus in federal court does not toll

23   the statute of limitations.  *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

24   Accordingly, the SAP is untimely because it was constructively filed on June 30,

25   2015, after the limitations period expired no later than February 25, 2014.

26       **C.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

27       The limitations period may begin on "the date on which the factual

28   predicate of the claim or claims presented could have been discovered through

1    the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

2         The statute starts to run when the petitioner knows or through diligence

3    could discover the factual predicate, not when a petitioner recognizes their legal

4    significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

5

6         The factual predicate of Ground One of the SAP (Petitioner's admission of

7    a prior strike) was known to Petitioner no later than November 23, 2010, the date

8    of the hearing on sentencing. (Exh. E to SAP.)  The hearing on the priors took

9    place earlier on October 27, 2010.  (Exh. C to SAP.)  At the priors hearing, the

10   prosecutor advised Petitioner that a fingerprint expert and paralegal were there to

11   testify about a comparison of Petitioner's fingerprints and the authenticity of the

12   packets on the priors.  (*Id.* at 1202-03.)  The prosecutor advised Petitioner that he

13   had a right to a trial in which his attorney would cross examine the witnesses, test

14   the packets and test the evidence.  (*Id.* at 1203.)  Petitioner waived his right to a

15   trial on the priors and stated he understood that the bank robbery conviction

16   constituted a strike.  (*Id.* at 1203-04.)  The court noted that Petitioner had

17   previously waived a jury trial on the priors.  (*Id.* at 1204.)

18        In Ground Two of the SAP, Petitioner argues his trial counsel was

19   ineffective for advising him to admit the prior conviction for bank robbery and his

20   appellate counsel was ineffective for failing to raise this issue on direct appeal.

21   Petitioner argues that he told his trial counsel before the October 27, 2010

22   hearing that his role in the "note passing" bank robbery was the getaway driver.

23   (Exh. D at 2 to SAP.)  Petitioner argues that trial counsel falsely advised him that,

24   if he admitted the prior bank robbery, the court "would have leniency and dismiss

25   the prior conviction.  However, the court did not dismiss the prior conviction and

26   used the prior conviction . . . to impose a double term."  (Opp. at 4.)

27        Again, the factual predicate of Ground Two of the SAP was known to

28   Petitioner no later than November 23, 2010, the date of the sentencing hearing.

9

(Exh. E to SAP.)  Although Petitioner argues that appellate counsel ignored his complaint that his sentence was illegal, Petitioner attaches a letter from appellate counsel dated September 20, 2011, that inquired about the facts supporting Petitioner's argument about the bank robbery.  (Exh. F to SAP.)  Petitioner does not attach his response to appellate counsel.  The court notes that Petitioner appears to claim that the prosecutor incorrectly identified bank robbery under 18 U.S.C. § 2113(a).  Petitioner contends he was convicted in a "note passing" bank robbery under § 1821.  (SAP at 10.)  However, that section applies to transportation of dentures made by unlicensed persons, not bank robbery.  18 U.S.C. § 1821.  To the extent Petitioner argues that he was convicted of unarmed bank robbery as the getaway driver, that offense falls within 18 U.S.C. § 2113(a). *See United States v. Dinkane*, 17 F.3d 1192, 1199 (9th Cir. 1994).

Accordingly, Petitioner was aware of the factual predicates of his claims as to trial counsel no later than the sentencing hearing, and as to appellate counsel no later than the date his conviction became final on May 8, 2012.  The date of discovery does not extend the limitations period.  Petitioner has not provided no explanation as to why he failed to raise these grounds in his original Petition or FAP in *Cooks I*, or in state habeas petitions prior to April 6, 2015.  *See Rhoades v. Henry*, 598 F.3d 511, 520 (9th Cir. 2010) (petitioner failed to exercise diligence).

## D. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 560 U.S. 631, 634 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 632 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)).  "The diligence required for equitable tolling purposes is "reasonable  diligence," not "maximum feasible diligence." *Id.* at 653 (citations

10

and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner has not shown a basis for sufficient equitable tolling.  Petitioner previously argued that he arrived at California State Prison – Los Angeles County ("CSP-LAC") on April 18, 2012 and did not have his property for 14 months, or approximately June 18, 2013.  (Dkt. No. 52 at 2.)  Assuming the validity of Petitioner's argument, he had eight months remaining before expiration of the statute of limitations on February 25, 2014, with the benefit of statutory tolling as discussed above.[4]  *See Curiel v. Miller*, 780 F.3d 1201, 1206 (9th Cir. 2015) (denying equitable tolling to petitioner who received files with "several months" remaining before deadline). Moreover, Petitioner has not shown reasonable diligence and has not explained why he delayed in presenting the two grounds for relief in the SAP.

### III.

### ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that Respondent's motion to dismiss the Second Amended Petition in *Cooks I* is GRANTED and that judgment be entered dismissing the Second Amended Petition as untimely.

---

[4]  In support of a previous motion for extension of time, Petitioner presented evidence that the law library was unavailable from November 29 through December 31, 2014.  (Exh. A to Dkt. No. 43.)  Because this time frame occurred after expiration of the limitations period, equitable tolling during this period would not aid Petitioner.

11

1       IT IS FURTHER ORDERED that the same Petition in *Cooks II* is untimely and

2  that judgment be entered dismissing the Petition as untimely.

3

4

5  DATED:  August 31, 2016

                               ALICIA G. ROSENBERG
6                          United States Magistrate Judge

12